IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>DANNY MOORHEAD,<br><br>                Defendant. | 4:24CR3010<br><br>ORDER |

Defendant has moved to continue the pretrial motion deadline, (Filing No. 246), because Defendant and newly appointed defense counsel need additional time to fully review the discovery and determine whether any pretrial motions are necessary. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds good cause has been shown and the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion to continue (Filing No. 246), is granted.

2) Pretrial motions and briefs shall be filed on or before January 27, 2025.

3) The conference call previously scheduled to be held on December 30, 2024, is continued. A telephonic conference will be held before the undersigned magistrate judge at 1:30 p.m. on February 3, 2025 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

4) In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between today's date and on February 3, 2025, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 27th day of December, 2024.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge